IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| EDGAR RIVERA, individually and on behalf of all others similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>FREEUS, LLC, d/b/a Honor Alert a Delaware registered company,<br><br>*Defendant.* | Case No.<br><br>CLASS ACTION COMPLAINT<br><br>DEMAND FOR JURY TRIAL |

## CLASS ACTION COMPLAINT

Plaintiff Edgar Rivera ("Plaintiff Rivera" or "Rivera") brings this Class Action Complaint and Demand for Jury Trial against Defendant Freeus, LLC d/b/a Honor Alert ("Defendant" or "Honor Alert") to stop the Defendant from violating the Telephone Consumer Protection Act ("TCPA") by placing pre-recorded calls without consent to consumers who never agreed to receive them. Plaintiff also seeks injunctive and monetary relief for all persons injured by Defendant's conduct. Plaintiff Rivera, for this Complaint, alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

**PARTIES**

1. Plaintiff Edgar Rivera is a resident of Lakewood, Colorado.

2. Defendant Defendant Freeus, LLC d/b/a Honor Alert is a Delaware registered company headquartered in Ogden, Utah. Defendant conducts business throughout this District and throughout the U.S.

1

**JURISDICTION AND VENUE**

3. This Court has federal question subject matter jurisdiction over this action under 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA").

4. This Court has personal jurisdiction over the Defendant because the Defendant does business in this District and places calls into this District.

5. Venue is proper in this District under 28 U.S.C. § 1391(b) because the Plaintiff resides in this District, and the wrongful conduct giving rise to this case was directed by Defendant into this District.

**INTRODUCTION**

6. As the Supreme Court explained at the end of its term, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The Federal Government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019 alone. The States likewise field a constant barrage of complaints. For nearly 30 years, the people's representatives in Congress have been fighting back." *Barr v. Am. Ass'n of Political Consultants,* No. 19-631, 2020 U.S. LEXIS 3544, at *5 (U.S. July 6, 2020).

7. When Congress enacted the TCPA in 1991, it found that telemarketers called more than 18 million Americans every day. 105 Stat. 2394 at § 2(3).

8. By 2003, due to more powerful autodialing technology, telemarketers were calling 104 million Americans every day. In re Rules and Regulations Implementing the TCPA of 1991, 18 FCC Rcd. 14014, ¶¶ 2, 8 (2003).

9. The problems Congress identified when it enacted the TCPA have only grown exponentially in recent years.

10.   According to online robocall tracking service "YouMail," 4.9 billion robocalls were placed in October 2024 alone, at a rate of 158.4 million per day. www.robocallindex.com (last visited November 20, 2024).

11.   The FCC also has received an increasing number of complaints about unwanted calls. FCC, Consumer Complaint Data Center, www.fcc.gov/consumer-help-center-data.

12.   "Robocalls and telemarketing calls are currently the number one source of consumer complaints at the FCC." Tom Wheeler, *Cutting off Robocalls* (July 22, 2016), statement of FCC chairman.[1]

13.   "The FTC receives more complains about unwanted calls than all other complaints combined." Staff of the Federal Trade Commission's Bureau of Consumer Protection, *In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991,* Notice of Proposed Rulemaking, CG Docket No. 02-278, at 2 (2016).[2]

## COMMON ALLEGATIONS

14.   Honor Alert is an assumed name of Freeus, LLC.[3]

15.   Honor Alert provides a medical mobile alert system that it monitors for consumers throughout the U.S.[4]

16.   Consumers have captured and posted pre-recorded messages online that they received from Honor Alert, including:

---

[1] https://www.fcc.gov/news-events/blog/2016/07/22/cutting-robocalls
[2] https://www.ftc.gov/system/files/documents/advocacy_documents/comment-staff-ftc-bureau-consumer-protection-federal-communications-commission-rules-regulations/160616robocallscomment.pdf
[3] https://businessregistration.utah.gov/EntitySearch/BusinessInformation
[4] https://www.honoralert.com/

3



⁵

17. Unfortunately, Honor Alert places pre-recorded calls to consumers who either do not have a relationship with Honor Alert, or who acquired a phone number that is associated with a past or current customer of Honor Alert, as per Plaintiff's experience and who are still receiving these calls and who never gave consent to the Defendant.

18. Businesses can check the reassigned number database to prevent sending calls to consumers who have acquired recycled phone numbers and have had that ability since November 1, 2021.⁶

19. Consumers have posted complaints online about unwanted pre-recorded calls that they received from Honor Alert despite having never provided their phone number to the Defendant, including:

---

⁵ https://directory.youmail.com/phone/801-781-6173
⁶ https://docs.fcc.gov/public/attachments/DOC-376867A1.pdf?utm_source=chatgpt.com

4

- "Left garbled message about a medical alert device not being charged. No one in this household has one and no one we know has one. May be a come on to get you to call back for a sales pitch."[7]

- "Called at 2 AM, left no message, hope it wasn't a real emergency! Don't know anyone with medical alert."[8]

- "They called me to my landline and to my cell at 7:47AM, on both phones they left this message: 'Hi, this is Caitlin with Medical Guardian, we received a Guardian Medical Alarm call but we could not hear anything in your device and did not answer your phone so we sent the paramedics. If you have any questions, please call us at (877) 206-9141 Thank you.' I do not have such device nor a contract with this alleged company. Caller ID: 'Alarm Monitoring' (801) 781-6173"[9]

- "Nobody in my family has an alert button. It call My sister # in NC stating I was in trouble and they couldn't get a hold of me JJ. She called me and asked me am I ok. Someone called and mention my name I live in another city. How can they do this scare ppl? My sister has a bad heart. So wrong. Call rom 8017816273…"[10]

- "Claims I have their alarm system which I do not have…"[11]

20. In response to these calls, Plaintiff Rivera brings this case seeking injunctive relief requiring the Defendant to cease from violating the TCPA, and an award of statutory damages to the members of the Class and costs.

**PLAINTIFF RIVERA'S ALLEGATIONS**

21. Plaintiff Rivera is the sole owner and user of his cell phone number ending in 5938.

22. Plaintiff Rivera has owned his cell phone number since approximately April of 2023.

23. On June 20, 2023 at 8:12 AM, Plaintiff Rivera received a call to his cell phone from 801-781-6173.

---

[7] https://800notes.com/Phone.aspx/1-801-781-6173
[8] Id.
[9] Id.
[10] https://directory.youmail.com/phone/801-781-6173
[11] https://lookup.robokiller.com/p/801-781-6173

5

24. This call was not answered, but a pre-recorded voicemail was left stating:

"… 440. Please press '1' to acknowledge the call. This is Honor Alert calling in regards to the medical alert device for John Stringer. The device needs to be recharged and may not function properly until the battery charge has been restored. If you have questions, please contact Honor Alert at 888-581-4440. Please press '1' to acknowledge the call." Ends with 4 seconds of silence.[12]

25. Plaintiff believes the voicemail was pre-recorded because it sounds robotic, it asks him to press '1' in the message, it begins part of the way into the message and because he received the same identical message multiple times. Each message has the same wording, the same voice, the same pauses and the same intonation.

26. On June 21, 2023 at 8:12 AM, Plaintiff Rivera received a call to his cell phone from 801-781-6173.

27. This call was not answered, but a pre-recorded voicemail was left stating:

Begins with 3 seconds of silence. "This is Honor Alert calling in regards to the medical alert device for John Stringer. The device needs to be recharged and may not function properly until the battery charge has been restored. If you have questions, please contact Honor Alert at 888-581-4440. Please press '1' to acknowledge the call. This is Honor Alert calling in regards to the medical alert device for John Stringer. The device needs to be recharged and may not function properly until the battery charge has been restored. If you have questions, please contact Honor Alert at 888-581-4440. Please press '1' to acknowledge the call." Ends with 5 seconds of silence.[13]

28. Plaintiff believes the voicemail was pre-recorded because it sounds identical in almost every way to the previous voicemail he received, with the same voice, intonation, and pauses. The only difference is 1 second of silence at the end of the message.

29. On June 22, 2023 at 8:11 AM, Plaintiff Rivera received a call to his cell phone from 801-781-6173.

---

[12] https://www.dropbox.com/scl/fi/scz0o7k3uklk7qq72q69l/_-1-801-781-6173__06-20-23_0812AM.amr?rlkey=orms5iv2zrh84lj4y1xa92qzy&dl=0

[13] https://www.dropbox.com/scl/fi/jmhvmadtdjr14ijejkacn/_-1-801-781-6173__06-21-23_0807AM.amr?rlkey=po62k2jeff9jry0yq116hujib&dl=0

30. This call was not answered, but a pre-recorded voicemail was left stating:

Begins with 3 seconds of silence. "This is Honor Alert calling in regards to the medical alert device for John Stringer. The device needs to be recharged and may not function properly until the battery charge has been restored. If you have questions, please contact Honor Alert at 888-581-4440. Please press '1' to acknowledge the call. This is Honor Alert calling in regards to the medical alert device for John Stringer. The device needs to be recharged and may not function properly until the battery charge has been restored. If you have questions, please contact Honor Alert at 888-581-4440. Please press '1' to acknowledge the call." Ends with 5 seconds of silence."

31. Plaintiff believes the voicemail was pre-recorded because it sounds identical in every way to the previous voicemail he received, with the same voice, intonation, pauses, and length including the same amount of silence.

32. On June 23, 2023 at 8:11 AM, Plaintiff Rivera received a call to his cell phone from 801-781-6173.

33. This call was not answered, but a pre-recorded voicemail was left stating:

Begins with 3 seconds of silence. "This is Honor Alert calling in regards to the medical alert device for John Stringer. The device needs to be recharged and may not function properly until the battery charge has been restored. If you have questions, please contact Honor Alert at 888-581-4440. Please press '1' to acknowledge the call. This is Honor Alert calling in regards to the medical alert device for John Stringer. The device needs to be recharged and may not function properly until the battery charge has been restored. If you have questions, please contact Honor Alert at 888-581-4440. Please press '1' to acknowledge the call." Ends with 5 seconds of silence."

34. Plaintiff believes the voicemail was pre-recorded because it sounds identical in every way to the previous voicemail he received, with the same voice, intonation, pauses, and length including the same amount of silence.

35. On July 15, 2023 at 8:03 AM, Plaintiff Rivera received a call to his cell phone from 801-781-6173.

36. This call was not answered, but a pre-recorded voicemail was left stating:

"Begins with 3 seconds of silence. "This is Honor Alert calling in regards to the medical alert device for John Stringer. The device needs to be recharged and may not function

7

properly until the battery charge has been restored. If you have questions, please contact Honor Alert at 888-581-4440. Please press '1' to acknowledge the call. This is Honor Alert calling in regards to the medical alert device for John Stringer. The device needs to be recharged and may not function properly until the battery charge has been restored. If you have questions, please contact Honor Alert at 888-581-4440. Please press '1' to acknowledge the call." Ends with 5 seconds of silence."

37. Plaintiff believes the voicemail was pre-recorded because it sounds identical in every way to the previous voicemail he received, with the same voice, intonation, pauses, and length including the same amount of silence.

38. On July 16, 2023 at 8:09 AM, Plaintiff Rivera received a call to his cell phone from 801-781-6173.

39. This call was not answered, but a pre-recorded voicemail was left stating:

"Begins with 3 seconds of silence. "This is Honor Alert calling in regards to the medical alert device for John Stringer. The device needs to be recharged and may not function properly until the battery charge has been restored. If you have questions, please contact Honor Alert at 888-581-4440. Please press '1' to acknowledge the call. This is Honor Alert calling in regards to the medical alert device for John Stringer. The device needs to be recharged and may not function properly until the battery charge has been restored. If you have questions, please contact Honor Alert at 888-581-4440. Please press '1' to acknowledge the call." Ends with 5 seconds of silence."

40. Plaintiff believes the voicemail was pre-recorded because it sounds identical in every way to the previous voicemail he received, with the same voice, intonation, pauses, and length including the same amount of silence.

41. On July 16, 2023 at 7:49 PM, Plaintiff Rivera received a call to his cell phone from 801-781-6173.

42. This call was not answered, but a pre-recorded voicemail was left stating:

"Begins with 3 seconds of silence. "This is Honor Alert calling in regards to the medical alert device for John Stringer. The device needs to be recharged and may not function properly until the battery charge has been restored. If you have questions, please contact Honor Alert at 888-581-4440. Please press '1' to acknowledge the call. This is Honor Alert calling in regards to the medical alert device for John Stringer. The device needs to be recharged and may not function properly until the battery charge has been restored. If you

8

have questions, please contact Honor Alert at 888-581-4440. Please press '1' to acknowledge the call." Ends with 5 seconds of silence."

43. Plaintiff believes the voicemail was pre-recorded because it sounds identical in every way to the previous voicemail he received, with the same voice, intonation, pauses, and length including the same amount of silence.

44. On July 17, 2023 at 7:09 PM, Plaintiff Rivera received a call to his cell phone from 801-781-6173.

45. This call was not answered, but a pre-recorded voicemail was left stating:

"Begins with 3 seconds of silence. "This is Honor Alert calling in regards to the medical alert device for John Stringer. The device needs to be recharged and may not function properly until the battery charge has been restored. If you have questions, please contact Honor Alert at 888-581-4440. Please press '1' to acknowledge the call. This is Honor Alert calling in regards to the medical alert device for John Stringer. The device needs to be recharged and may not function properly until the battery charge has been restored. If you have questions, please contact Honor Alert at 888-581-4440. Please press '1' to acknowledge the call." Ends with 5 seconds of silence."

46. Plaintiff believes the voicemail was pre-recorded because it sounds identical in every way to the previous voicemail he received, with the same voice, intonation, pauses, and length including the same amount of silence.

47. Plaintiff Rivera never provided consent for Defendant Honor Alert to place pre-recorded calls to his cell phone number.

48. The unauthorized telephone calls that Plaintiff Rivera received from or on behalf of Defendant have harmed Plaintiff Rivera in the form of annoyance, nuisance, and invasion of privacy, occupied his phone memory, and disturbed the use and enjoyment of his phone.

49. Seeking redress for these injuries, Plaintiff Rivera, on behalf of himself and a Class of similarly situated individuals, brings suit under the TCPA.

## CLASS ALLEGATIONS

50. Plaintiff Rivera brings this action pursuant to Federal Rules of Civil Procedure 23(b)(2) and 23(b)(3) and seeks certification of the following Class:

> **Pre-recorded No Consent Class:** All persons throughout the United States (1) to whom Defendant placed, or caused to be placed, a call, (2) directed to a number assigned to a cellular telephone service, but not assigned to a customer or accountholder of Defendant, (3) in connection with which Defendant used an artificial or prerecorded voice, (4) from four years prior to the filing of this case through the date of class certification.

51. The following individuals are excluded from the Class: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, its subsidiaries, parents, successors, predecessors, and any entity in which either Defendant or their parents have a controlling interest and their current or former employees, officers and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion from the Class; (5) the legal representatives, successors or assigns of any such excluded persons; and (6) persons whose claims against the Defendant have been fully and finally adjudicated and/or released. Plaintiff Rivera anticipates the need to amend the Class definition following appropriate discovery.

52. **Numerosity and Typicality**: On information and belief, there are hundreds, if not thousands of members of the Class such that joinder of all members is impracticable, and Plaintiff is a member of the Class.

53. **Commonality and Predominance**: There are many questions of law and fact common to the claims of the Plaintiff and the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to the following:

(a) whether Defendant placed pre-recorded voice message calls to Plaintiff and members of the Pre-recorded No Consent Class without first obtaining consent to make the calls;

(b) whether the calls constitute a violation of the TCPA;

(c) whether members of the Class are entitled to treble damages based on the willfulness of Defendant's conduct.

54. **Adequate Representation**: Plaintiff Rivera will fairly and adequately represent and protect the interests of the Class, and has retained counsel competent and experienced in class actions. Plaintiff Rivera has no interests antagonistic to those of the Class, and the Defendant has no defenses unique to Plaintiff. Plaintiff Rivera and his counsel are committed to vigorously prosecuting this action on behalf of the members of the Class, and have the financial resources to do so. Neither Plaintiff Rivera nor his counsel have any interest adverse to the Class.

55. **Appropriateness**: This class action is also appropriate for certification because the Defendant has acted or refused to act on grounds generally applicable to the Class and as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class and making final class-wide injunctive relief appropriate. Defendant's business practices apply to and affect the members of the Class uniformly, and Plaintiff's challenge of those practices hinges on Defendant's conduct with respect to the Class as wholes, not on facts or law applicable only to Plaintiff Rivera. Additionally, the damages suffered by individual members of the Class will likely be small relative to the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the members of the Class to obtain effective relief from Defendant's misconduct on an individual basis. A class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

## FIRST CLAIM FOR RELIEF
### Telephone Consumer Protection Act
### (Violation of 47 U.S.C. § 227)
### (On Behalf of Plaintiff Rivera and the Pre-recorded No Consent Class)

56. Plaintiff repeats and realleges the prior paragraphs of this Complaint and incorporates them by reference herein.

57. Defendant transmitted unwanted telephone calls to Plaintiff Rivera and the other members of the Pre-recorded No Consent Class using a pre-recorded voice message.

58. These pre-recorded voice calls were made *en masse* without the prior express written consent of the Plaintiff and the other members of the Pre-recorded No Consent Class.

59. The Defendant has, therefore, violated 47 U.S.C. § 227(b)(1)(A)(iii). As a result of Defendant's conduct, Plaintiff and the other members of the Pre-recorded No Consent Class are each entitled to a minimum of $500 in damages, and up to $1,500 in damages, for each violation.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, prays for the following relief:

a) An order certifying this case as a class action on behalf of the Class as defined above; appointing Plaintiff as the representative of the Class; and appointing his attorneys as Class Counsel;

b) An award of actual and/or statutory damages and costs;

c) An order declaring that Defendant's actions, as set out above, violate the TCPA;

d) An injunction requiring Defendant to cease all pre-recorded calling activity that is done without proper consent, and to otherwise protect the interests of the Class; and

e) Such further and other relief as the Court deems just and proper.

**JURY DEMAND**

Plaintiff Rivera requests a jury trial.

EDGAR RIVERA, individually and on behalf of all others similarly situated,

DATED this 6th day of January, 2025.

By: /s/ Stefan Coleman

Stefan Coleman
law@stefancoleman.com
Coleman PLLC
18117 Biscayne Blvd, Suite 4152
Miami, FL 33160
Telephone: (877) 333-9427

Avi R. Kaufman
kaufman@kaufmanpa.com
KAUFMAN P.A.
237 S Dixie Hwy, Floor 4
Coral Gables, FL 33133
Telephone: (305) 469-5881
*Lead counsel*

*Attorneys for Plaintiff and the putative Class*